ADDISON,
January,
1832.

JOHN BULLOCK *vs.* ELIJAH CLOYES.   SAME *vs.* PHILIP BEACH.

Where in an action for charging the plaintiff with stealing certain sheep, the defendant, for the purpose of mitigating the damages, gave in evidence the record in an action of trespass brought by the plaintiff against the defendant for taking away said sheep, in which judgement had been rendered in favor of the defendant ; it was held, that the plaintiff, for the purpose of showing malice in the defendant, and to enhance the damages, might prove, by circumstantial evidence, that, at the time of accusing the plaintiff as complained of, the defendant *knew* the accusation to be false.

These two actions depended on the same principles, and were argued and submitted together on the following bill of exceptions :

" This was an action on the case for verbal slander. Plea, the *general issue,* and trial by jury. The plaintiff introduced evidence tending to prove that the defendant, on the 4th day of July, 1828, and at various subsequent times, spoke and published of and concerning the plaintiff, the words complained of, and that the same were spoken, in most instances, with reference to certain sheep taken by the defendant, on the said 4th day of July, 1828, from the pasture of the plaintiff. The defendant, for the purpose of showing that a controversy existed between himself and the plaintiff, in relation to said sheep, during the period of the alleged slander, and for the purpose of mitigating the damages, gave in evidence the record in an action of trespass brought by the plaintiff against the defendant and one Philip Beach, for taking and driving away the sheep aforesaid, together with the record in a petition for a new trial in said cause; both of which were determined in favor of the defendant and said Beach, at the January term of the Supreme Court for the county of Addison, A. D. 1830 ; and the same are referred to as part of this case. And thereupon the plaintiff, for the purpose of showing malice, and to enhance the damages, offered to prove, by circumstantial evidence, that at the several times of accusing the plaintiff, as complained of, the defendant knew said sheep were not his, and had good reason to believe

they belonged to the plaintiff, and that he knew his said charges were false : and also that during the same period the defendant was making evidence to support his said charges,—but not specifying in the offer aforesaid, what evidence was thus made or the means employed in making it. This evidence was objected to by the the defendant, on the general ground, that it would lead to another trial of the same matters, which had already been adjudicated between these parties in said action of trespass. The court decided, that the adjudication in the action of trespass was not so far conclusive of the right of property in the sheep for the purposes of this action, but that the plaintiff was at liberty to prove by any direct evidence, that the defendant knew the sheep to belong to the plaintiff, or to have come lawfully into his possession ; but that an inquiry into the right of property upon circumstantial evidence for the purpose of inferring knowledge in the defendant, was not admissible. And the offer not being varied, the evidence was excluded. Verdict for the plaintiff,—with nominal damages, and judgement thereon. And to the decision of the court, excluding the evidence thus offered, the plaintiff excepts. Exceptions allowed, and the case ordered to the Supreme Court, and execution stayed."

*Phelps and Bell, for defendant.*—A single point only is raised in these cases : It is whether the court below erred in rejecting the evidence offered by the plaintiff for the purpose, as he alleges, of proving malice in the defendant, and to enhance damages. It is to be observed, that the words charged in the declaration are such as the law deems actionable, and the speaking of them being proved, and not justified, malice is inferred. The evidence offered was therefore unnecessary for the purpose of proving malice : its only bearing would have been upon the question of damages, after the issue had been determined for the plaintiff. In this point of view the exception becomes immaterial in the suit ; the jury, having found the issue for defendant, have decided either that the words charged were not spoken by the defendant, or if spoken, that it was in such a connection as not to import a charge of theft. The evidence would, therefore, have been of no service to the plaintiff had it been admitted. The fact intended to be established by it could have had no supposable influence over the jury in determining the question of guilty, or not guilty. Nor is the exception well founded in either case : 1st. The finding of the jury in the former action had decided the question of property, and the idea of proving knowledge in the defendant contrary to that determination is a legal absurdity. 2d. The plaintiff not having availed himself of the permission to introduce direct evidence of the fact, the facts and circumstances can be nothing more than

*Margin:* Addison, January, 1832.

Bullock
*vs.*
Cloyes et al.

ADDISON,
January,
1832.

Bullock
vs.
Cloyes et al.

was understood at the trial; viz., a mass of evidence which had been introduced by the plaintiff upon the former occasion to prove the property of the sheep in himself. From this evidence, however unsatisfactory it might have been on that occasion, an inference of malice is to be derived. It is obvious that the admission of this evidence would have led the court into a trial of the question as to property in the sheep—a question totally foreign to the issue and of no importance in this case when decided. Besides, the defendant could not be supposed prepared upon this issue to encounter such evidence, nor to prove his property in the sheep, nor even probable cause for supposing them his. The inquiry would have operated as a surprise upon him. Had he pleaded a justification, and offered the record of the former suit with that view, the case would have been different. But that record was offered by way of explanation; the words spoken having a reference to the controversy then pending. 3dly. If the property had been proved most conclusively in the plaintiff, the proof would have furnished no legitimate inference of malice in the defendant to the purpose of enhancing damages. 4thly. Proof of the supposed knowledge in the defendant, (i. e. that the sheep were the property of the plaintiff,) was wholly unnecessary. If the words were spoken, and imported a charge of theft, the law presumes, if no justification be urged, that they were not only false, but known to be so by the speaker. Finally, if proof of such knowledge was proper, the plaintiff was not precluded from exhibiting it. The exception was to the kind of proof. The fact itself was permitted to be proved; and if the evidence did not tend directly to prove it, it was incumbent on the plaintiff to have stated at the trial what the facts and circumstances were upon which he relied, and to set them forth in his exceptions, that the Court might judge of their legal tendency. Whether they were proper to go to the jury as a substitute for direct evidence, or as a ground of inference, depends altogether upon their nature, and unless they appear in the exceptions, it is impossible for the Court to decide, that they were proper for this purpose. As to the suggestion that the defendant was fabricating evidence to support the charge, it evidently means nothing more than that he was preparing for the trial of the "sheep cause," then pending.

*Peter Starr, for plaintiff.—First.* In the action for slander it is the right of the plaintiff to show that the slanderous words charged were spoken and published maliciously by the defendant in

ADDISON,
January,
1832.

Bullock
vs.
Cloyes et al.

order to enhance the damages. He may prove other words spoken, or acts done by the defendant, to show his malice.—See *Starkie on slander*, 398-9 ; 2 *Stark. Ev.* 869 ; *Chit. Pl.* 383 and 387 ; *Phil. Ev.* 134.

*Secondly.* The evidence offered by the defendant, viz., the record, &c., in the action of trespass, was offered and admitted to show that there was a controversy between the parties about the time of the speaking of the words, and as proper evidence in that respect to mitigate the damages, and for no other purpose ; and it was the right of the plaintiff to rebut that evidence by any proper evidence, which tended to show malice in the defendant.

*Thirdly.* The fact of malice must in most cases be proved (if proveable at all) by circumstantial evidence. It is not to be expected that a defendant in slandering the plaintiff, will furnish direct and positive evidence of his malicious purpose. Malice is in most cases to be inferred from circumstances.

*Fourthly.* To exclude the evidence offered by the plaintiff, gives to the record, &c., offered by the defendant, an *undue influence.* It being a record in an action of a different nature—it was conclusive of nothing, that did not appear on the face of it. But the rejection of the evidence offered by the plaintiff made the record conclusive upon the point of malice.-See 1 *Stark. Ev.* 200 *to* 202.

*Fifthly.* If the record was proper evidence for the defendant, the admission of it furnished the ground upon which the plaintiff was entitled to rebut the effect of it by any proper evidence, either circumstantial or positive. Is there any case in which a party may not avail himself of circumstantial evidence in support of a fact material to the issue, when it is the best evidence the nature of the case admits ?—See *Phil. Ev.* 169 *to* 173 ; 1 *Stark. Ev.* 401.

*The opinion of the Court was delivered by*

BAYLIES, J.—Inasmuch as the county court suffered the defendant to give in evidence the copies of records mentioned in the case, to mitigate the plaintiff's damages, the plaintiff to show *malice* in the defendant, and to *enhance the damages*, should have been permitted to give any legal evidence in his power, whether *circumstantial or not*, to show that the defendant, at the several times of accusing the plaintiff, knew that said sheep were not the defendant's, and had good reason to believe they belonged to the plaintiff, and the defendant knew his said charges were false.

As the county court erroneously decided that " an inquiry into

Addison,
*January,*
1832.

Bullock
*vs.*
Cloyes et al.

Bennington,
*January,*
1827.[*]

the right of property upon *circumstantial* evidence for the pur-pose of inferring knowledge in the defendant, was not admissible," A new trial is granted in each of said actions.